## ROTHSCHILD COLORTYPE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12663. Promulgated December 13, 1928.

*B. B. Pettus*, *Esq.*, and *Edward Clifford*, *Esq.*, for the petitioner.
*J. L. Backstrom*, *Esq.*, for the respondent.

OPINION.

MILLIKEN: The only error raised in this proceeding is the refusal of the respondent to grant the application of petitioner to have its profits tax determined pursuant to the provisions of sections 327 and 328 of the Revenue Acts of 1918 and 1921. The hearing in this pro-

cēcding was further limited to the issues defined in subdivisions (a) and (b) of Rule 62 of our rules of practice.

Petitioner claims that it falls within section 327 and is entitled to have its tax computed under section 328 because of abnormal conditions affecting its capital and income. It is urged that a substantial part of its income resulted from the Sears, Roebuck & Co. contract which it received from Rothschild for a nominal consideration and the full value of which, by reason of the manner of organization of petitioner, may not be included in the computation of invested capital. It is also urged that an abnormality results by reason of the use of paint-printing device which produced substantial income in the years and bears no relation to the invested capital structure of petitioner.

The fact that assets may be used in business which may not be included in invested capital is not in and of itself sufficient basis to warrant recourse to sections 327 and 328 for the computation of the tax. See *Morris & Co.*, 1 B. T. A. 704. The exclusion must be such as to create an abnormal condition affecting capital or income. The facts in each case must be weighed to ascertain if such an abnormality exists. An exclusion from invested capital or effect on income may in a given case be of no relative significance. We pass therefore to endeavor to ascertain if an abnormality is presented in the case at bar justifying recourse to sections 327 and 328.

It is obvious that the Sears, Roebuck & Co. contract and the paint-printing device were of great value to the petitioner, and during the years under consideration were the principal income-producing factors in the business. In 1919 they produced 61 per cent of the business; in 1920, 43 per cent; in 1921, 42 per cent. For the taxable year 1920 they produced 70 per cent of the net profits, and for 1921 they produced 68 per cent.

According to the computation of the respondent, the petitioner's net income for 1920 was 75 per cent on its invested capital and in 1921 was 29 per cent.

We have been presented with a great deal of evidence and cogent arguments tending to show that this contract was of the value of exceeding $200,000 and that the paint-printing device was of the value of $60,000 to $75,000. In the computation of profits taxes the contract was capitalized at $16,000 only, and no valuation was placed on the paint-printing device. The Sears, Roebuck & Co. contract was of much greater value than $16,000. It was petitioner's most valuable asset and petitioner was organized primarily to perform this contract. The contract and paint-printing device produced more than two-thirds of the net profits for the taxable years, and in 1920 the receipts from the contract were 16 times the valuation

placed upon it and the profits derived therefrom were 4.4 times said valuation; in 1921 the receipts were 12 times the valuation and profits 3.4 times the valuation.

We do not attempt to fix a definite value for the contract. We know that the contract and the paint-printing device were the main income-producing factors and that they were both practically excluded from invested capital, and accordingly we conclude that an abnormality exists in both capital and income and that a hardship will result without the benefit of a comparative assessment. See *Clarence Whitman & Sons, Inc.*, 11 B. T. A. 1192.

Counsel for petitioner argued in his brief that petitioner had proved the value of the Sears, Roebuck Co. contract to be $200,000 and that, under section 234(a)(7) of the Act of 1918, it was entitled to an allowance of $66,666.66 for exhaustion each year. This question was not raised by petitioner in its petition or assigned as error, nor was the issue raised elsewhere in the pleadings or the evidence. Under the circumstances this question will be disregarded and our decision will be confined to that of the right to special assessment.

> *Further proceedings will be had under Rule 62 (c) and (d).*